Brandon LIZOTTE, Plaintiff–Appellant

v.

James LEBLANC; Burl Cain; Richard Peabody; Clara Knapps; Samantha Davis; D. Major; Donna Ott; Cynthia Nicholas, Defendants–Appellees.

No. 11–30094
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 5, 2012.

Brandon Lizotte, Angola, LA, pro se.

Babatunde Mobolade Anima–Shaun, Office of the Attorney General, Baton Rouge, LA, for Defendants–Appellees.

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

█ Brandon Lizotte appeals from the district court's dismissal of his 42 U.S.C. § 1983 claims as unexhausted or without constitutional merit. He argues first that the district court erred in dismissing his religious discrimination claim as time barred. The prison discriminated, he argued, by not allowing him out of his working cellblock to attend Friday prayer with fellow Muslims while allowing Christian inmates with the same custody status to congregate on Sundays on a regular basis. He asserted that the religious discrimination ceased in October 2007, when he was moved to different living quarters, and resumed in 2009. The district court dismissed Lizotte's claim of past religious discrimination as time barred. Lizotte does not challenge this dismissal. He argues, however, that upon return to his original unit after he filed the instant complaint, the discrimination resumed and is ongoing. He seeks injunctive relief.

Although Lizotte stated his claim of ongoing religious discrimination in the district court, the claim was not a model of clarity. The district court rejected Lizotte's claim that the religious discrimination was a "continuing tort" that tolled the prescriptive period. Lizotte again asserts the continuing tort argument here. The argument lacks merit. Lizotte has not alleged that acts of religious discrimination were, from the date of inception, continuous on an almost daily basis. *See Gartrell v. Gaylor,* 981 F.2d 254, 257 (5th Cir.1993); *Bustamento v. Tucker,* 607 So.2d 532, 542 (La.1992). Lizotte admits that he did not experience the alleged religious discrimination between October 2007 and 2009. He has not, therefore, alleged a continuing tort. Insofar as Lizotte attempted to allege in his objections to the magistrate judge's report and recommendation that religious discrimination began or resumed in 2009 after he filed his initial complaint,

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it was futile to do so as he had not exhausted the claim. *See* 42 U.S.C. § 1997e.

■ Lizotte complained in the district court that prison officials wrongly confiscated from his incoming mail a family photograph of a nude infant. He argued that the confiscation violated his First Amendment rights. The district court found that withholding the photograph did not rise to the level of a constitutional violation and that the defendants were entitled to qualified immunity on this claim. Lizotte argues that the "ministerial duty" exception to qualified immunity deprives the mailroom officials of protection because they did not follow proper administrative procedure in withholding the photograph. *See Davis v. Scherer,* 468 U.S. 183, 194–97 nn. 12, 14, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). The violation of a prison mail regulation could not by itself deprive the defendants of the protection of qualified immunity. *See id.; Gagne v. City of Galveston,* 805 F.2d 558, 559 (5th Cir.1986). The district court did not err in denying relief on this claim.

■ Lizotte argues that the district court erred in declining to exercise supplemental jurisdiction over his state law claims of negligence and retaliation. *See* 28 U.S.C. § 1367. However, since the district court properly dismissed all of the claims over which it had original jurisdiction, under 28 U.S.C. § 1367(c)(3), it had an adequate basis for declining to exercise supplemental jurisdiction. Lizotte argues that his state law claims should have been dismissed without prejudice instead of with prejudice. *See Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 (5th Cir.1999). The district court dismissed Lizotte's unexhausted claims without prejudice. It dismissed his three exhausted claims with prejudice. Only one of those exhausted

claims, the claim relating to the lost books, was characterized by the district court as a state law claim. This claim was mooted when the books were found and given to Lizotte.

■ Lizotte argues that the defendants did not adhere to the administrative procedures for handling grievances and should therefore be estopped from asserting that he failed to exhaust his administrative remedies via the prison grievance process. *See Dillon v. Rogers,* 596 F.3d 260, 270 (5th Cir.2010). However, Lizotte has not demonstrated that the equitable doctrine of estoppel applies. His backlogged (and subsequently withdrawn claims) were the result of his own litigiousness. The backlog did not result from any impediment created by prison officials. Nor did Lizotte's failure to exhaust his claims result from any such impediment.

Insofar as Lizotte argues that prison personnel did not follow the required grievance procedures, he has not presented a constitutional claim as required under § 1983. *See Geiger v. Jowers,* 404 F.3d 371, 373–74 (5th Cir.2005). The district court did not err in dismissing nine of Lizotte's claims for failure to exhaust administrative remedies and in rejecting his remaining claims as without constitutional merit.

Lizotte's motion to correct his brief is GRANTED. His motion for appointment of counsel is DENIED.

AFFIRMED.