# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20250
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2018

Lyle W. Cayce
Clerk

JAMES WENDELL WARREN,

Plaintiff-Appellant

v.

DOCTOR JOHN DOE; DOCTOR EARNESTINE JULYE, Individually & in her Official Capacities,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3631

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

James Wendell Warren, Texas prisoner # 1787787, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). We review the district court's dismissal de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20250

With the benefit of liberal construction, Warren asserts that the two-year statute of limitations should not have been applied in his case because the defendants' conduct constituted a continuing tort. He admits, however, that he was "immediately taken out of the textile factory after his first extreme asthma attack [in 2012] and given a job that was compat[i]ble with his medical problems." Accordingly, the continuing tort doctrine is inapplicable. *See Lizotte v. Leblanc*, 456 F. App'x 511, 512 (5th Cir. 2012) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)). To the extent Warren asserts that his second asthma attack in 2016 was preventable, and that Dr. Earnestine Julye acted with deliberate indifference by failing to place him on work restrictions following the first attack, the two-year statute of limitations would not bar this claim, assuming Warren did not know or have reason to know of that alleged failure until he was reassigned to the textile factory in 2016. *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (a cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

But Warren fails to show that the district court erred in dismissing his claims against Dr. Julye, because he has not alleged sufficient facts to support a theory of individual or supervisory liability. *See Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005); *Thompson v. Upshur Cty.*, 245 F.3d 447, 458–59 (5th Cir. 2001). Finally, Warren has abandoned any challenge to the district court's dismissal of his claims against Drs. John Doe and Julye in their official capacities. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

While we do not go so far as to conclude that his complaint is frivolous, Warren has not shown that the district court erred in dismissing his § 1983 complaint for failure to state a claim. *See Morris v. McAllester*, 702 F.3d 187,

2

No. 17-20250

189 (5th Cir. 2012); *Geiger*, 404 F.3d at 373.  We caution Warren that the dismissal of his complaint by the district court counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We further caution him that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED.