# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2010

No. 09-20410
Summary Calendar

Charles R. Fulbruge III
Clerk

HELEN JEFFERSON; DAPHNE GRANVILLE; THE ESTATE OF AMANDA
HERNANDEZ, Manuel Acevedo as Next Friend; AGNES ANYALEBEDHIL;
JOSIE JACOBS; PHILLIP MINAMBISSERIL; SYLVIA POTIER; RALPH
DAVIS; FAY BRUMFIELD; BERNADETTE ETOAMA,

Plaintiffs - Appellants

v.

CHRISTUS ST. JOSEPH HOSPITAL; HOSPITAL PARTNERS OF
AMERICA, INC; CHRISTUS HEALTH GULF COAST,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-1535

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Helen Jefferson, Daphne Granville, the Estate of Amanda Hernandez,

Agnes Anyalebedhil, Josie Jacobs, Phillip Minambisseril, Sylvia Potier, Ralph

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20410

Davis, Fay Brumfield, and Bernadette Etoama[1] appeal the district court's grant of summary judgment on their race, age, national origin, retaliation, and hostile work environment claims against appellees, Christus St. Joseph Hospital ("Christus"), Hospital Partners of America ("HPA"), and Christus Health Gulf Coast. Appellants allege numerous grounds for reversal based on both the circumstances and substance of the district court's decision. Finding no merit in these claimed errors, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case, viewed in the light most favorable to appellants as the non-moving party, are as follows. Appellants are behavioral medicine nurses, psychiatric technicians, and therapists formerly employed by Christus. In summary, they variously accuse Christus, and its successor HPA, of race, age, and national origin discrimination.

The events giving rise to this suit began in late 2005 when Christus informed its entire staff of behavioral medicine nurses, psychiatric technicians, and therapists that they would be required to participate in an internet-based research survey ("the Smilex Survey") conducted by a third party. The Smilex Survey consisted of a pre-test, vignettes depicting frequently-observed behavioral issues in psychiatric patients, and a post-test. During the post-test, participants who answered questions incorrectly were provided immediate feedback explaining why their answer was incorrect and why another answer was the better choice. The creator of the Smilex Survey, Colin McKay, testified in his deposition that the training program typically required thirty to forty-five

---

[1] An eleventh plaintiff, Abel Abad, did not appear in the district court below or defend his claims in response to appellees' motion for summary judgment. Accordingly, all of Abad's claims of error have been waived. *Horton v. Bank One, N.A.*, 387 F.3d 426, 435 (5th Cir. 2004).

minutes to complete.[2]    The opening screen of the survey also informed participants that completion would take thirty to forty-five minutes.

In early 2006, McKay began reviewing the completion times and scores logged by all of the Christus employees.  In the process, he discovered several instances of employees completing what was putatively a thirty-to-forty-five minute survey in less than four minutes and still achieving very high scores. McKay notified Susan Willmann, the then-Administrative Director for Behavioral Medicine, of the irregularities in the testing data.  Based on the information received from McKay, Willmann began to suspect that the employees with the fastest completion times had cheated on the survey.

Consequently, Willmann, in consultation with several members of Christus's senior staff, decided to require all individuals who completed the survey in less than fifteen minutes to retake the survey with a proctor.  Under the retesting policy, employees were required to score within five points of their original score and finish within three minutes of their original time.  Employees were asked to complete the exact same survey with the exact same questions. The only differences between the original survey and the retest were that employees were monitored by a proctor and the pre-test was omitted, thus shortening the exercise.

After reviewing the data, Willmann and the senior staff notified nine of the appellants[3], all of whom subsequently resigned or were terminated, that they would be required to retake the survey.  Four other individuals who are not parties to this appeal were also required to retake the survey: Liz Anderson, Bassey Etim, Walter Foston, and Keith Moffitt.  Bassey Etim refused to retake

---

[2] Appellants argue that McKay testified the survey could be completed in less than ten minutes.  Actually, McKay also testified that such a result was highly unlikely, at least for a first-time test-taker.

[3] Hernandez was the only appellant who was not required to retest.

No. 09-20410

the survey.  The record is silent as to whether Walter Foston was terminated when he failed to duplicate or improve his score.  Keith Moffitt, the one white employee required to retake the survey, finished the proctored survey within three minutes and five points of his original score as required.  Liz Anderson, a black employee, appears to have finished outside the appropriate time window in her retest, but her score improved by six points, and she was not terminated.  As set out in the following table, however, none of the appellants were able to meet the retesting standard or improve their performance:

| Appellant | First Score / Time | Second Score / Time |
|---|---|---|
| Agnes Anyalebedhil | 86 / 6.2 minutes | 65 / 24.4 minutes |
| Faye Brumfield | 92 / 5.3 minutes<br>90 / 9.2 minutes | 56 / 73 minutes |
| Ralph Davis | 86 / 6.1 minutes | 73 / 43.4 minutes |
| Bernadette Etoama | 77 / 8.2 minutes<br>79 / 2.9 minutes | 64 / 25 minutes |
| Daphne Granville | 82 / 12.9 minutes | 74 / 15.4 minutes |
| Josie Jacobs | 87 / 4.9 minutes | 69 / 68.7 minutes |
| Helen Jefferson | 86 / 4.0 minutes | 72 / 74.2 minutes |
| Philip Minambisseril | 75 / 5.0 minutes | 71 / 20.1 minutes |
| Sylvia Potier | 78 / 13.8 minutes | 58 / 43.4 minutes |

After the retesting was completed, Willman met individually with each of the appellants.  Anyalebedhil, Brumfield, Davis, Jacobs, Minambisseril, and Potier admitted to Willmann that they received assistance navigating the survey or answering questions during their first attempt.  Willmann discovered that Hernandez, who was not required to retest because her first completion time was sufficient, was the individual who had assisted all of the plaintiffs except Jacobs.  Christus subsequently fired Anyalebedhil, Davis, Etoama, Granville, Hernandez,

4

No. 09-20410

Jefferson, and Minambisseril between March 20 and April 7, 2006, for violating Christus's Code of Conduct. Brumfield, Jacobs, and Potier voluntarily resigned after retaking the survey.

Appellants individually filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging a variety of claims. The EEOC issued right-to-sue letters to all of the appellants. Appellants filed suit alleging racial discrimination under the Texas Civil and Human Rights Act ("TCHRA") in state court. The appellants amended their petition twice to add additional defendants and include claims under 42 U.S.C. §§ 1981 and 1983 before appellees removed the case to federal court. Thereafter, appellants amended their complaint yet again – this time to include claims of retaliation, national origin discrimination, and defamation under Title VII and the Age Discrimination in Employment Act ("ADEA") as well as to drop their § 1983 claims.

The appellees moved for summary judgment on February 23, 2009. Appellants responded in piecemeal fashion with two different filings labeled "Response to Motion for Summary Judgment" on March 13 and March 16 as well as more than 600 pages of exhibits. Appellees filed their reply on March 31. On April 20 and without leave of court, appellants filed a 41-page sur-reply and an additional 80 pages of exhibits. On May 18, 2009, the district court ruled that appellants' sur-reply and the included exhibits were not properly before the court and granted summary judgment. Appellants timely appealed.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo. *N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 555 (5th Cir. 2008). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R.

No. 09-20410

CIV. P. 56(c).  A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  When reviewing a grant of summary judgment, the court should view all facts and evidence in the light most favorable to the non-moving party.  *United Fire & Cas. Co. v. Hixson Bros.*, 453 F.3d 283, 285 (5th Cir. 2006).  However, to avoid summary judgment, the non-movant who bears the burden of proof at trial must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial. *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).  We may "affirm a grant of summary judgment on any grounds supported by the record and presented to the [district] court."  *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

We review the district court's determinations of the admissibility or competency of summary judgment evidence only for abuse of discretion. *McIntosh v. Partridge*, 540 F.3d 315, 320, 322 (5th Cir. 2008) (reviewing a district court's decision to consider contested items as competent summary judgment evidence for abuse of discretion).

## III.  DISCUSSION

Appellants raise what can be reduced, in the aggregate, to two errors on appeal: 1) whether the district court abused its discretion when it sustained appellees' objections to appellants' sur-reply and sur-reply exhibits and refused to strike the EEOC's determination letter[4]; and 2) whether the district court

---

[4] We do not address the appellants' claims of error regarding the affidavits of Keith Moffitt and Kathy Hennigan.  In their opening brief, appellants allege in their "Statement Regarding Oral Argument" and "Statement of the Issues" that the district court erred in excluding both affidavits. Yet appellants provide no argument or authority supporting their claim in the body of their brief.  Instead, they repeatedly assert in conclusory fashion that the district court erred and cite to the portion of the record containing the affidavits. A party must "provide[] . . . argument or authority in support of [their] position. . . .  [F]ailure to provide any legal or factual analysis of an issue on appeal waives that issue." *Douglas W. ex rel. Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 210 n.4 (5th Cir. 1998).  Appellants have thus

No. 09-20410

erred in granting summary judgment on all of the appellants' discrimination claims. We address each claimed error in turn.

## A. *Claims of Errors as to the District Court's Evidentiary Rulings*

Appellants complain that the district court erred in its decision to exclude their sur-reply and sur-reply exhibits. Appellants also claim the district court erred when it disregarded, but declined to strike, an EEOC determination letter proffered by the appellees.

We conclude that the district court's decision to disregard appellants' sur-reply and sur-reply exhibits on the basis of appellants' failure to comply with that court's published procedures was not an abuse of discretion. FED. R. CIV. P. 83(b). Similarly, we find no abuse of discretion in the district court's decision to disregard rather than strike the EEOC determination letter dated October 25, 2007.[5]

## B. *The District Court's Grant of Summary Judgment*

Appellants allege in their complaint that they were all subjected to intentional discrimination and retaliation on the basis of their respective races, ages, and national origins. Appellants also contend on appeal that their complaint alleged claims of disparate impact discrimination and hostile work environment.[6] The district court granted summary judgment as to all of appellants' claims on the grounds that appellants: 1) failed to properly exhaust; 2) failed to plead certain claims prior to filing the sur-reply; 3) failed to make out

---

waived any error as to the district court's exclusion of the Moffitt and Hennigan affidavits. Accordingly, they are not before us in this appeal in any form.

[5] The district court expressly held that: "Although the Court declines to strike the EEOC determination letter, it similarly declines to consider it in ruling on the pending motion for summary judgment." *Jefferson v. Christus St. Joseph Hosp.*, No. 4:08-CV-1535, slip op. at 16 n.10 (S.D. Tex. May 18, 2009).

[6] Appellants make no arguments in their appellate briefing pertaining to their defamation claims. Accordingly, any claim of error as to these claims has been waived. *Justiss Oil Co. v. Kerr-McGee Ref. Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996).

No. 09-20410

a prima facie case; and/or 4) failed to demonstrate pretext in the appellees' proffered reasons for taking adverse employment actions. We conclude that appellants either failed to exhaust, failed to plead, or failed to make out a prima facie case as to all of their claims. Accordingly, we affirm the district court's well-reasoned opinion without reaching appellees' proffered justification or appellants' attempts to show pretext or mixed motives.[7]

1. Appellants' Discrimination Claims

a. Administrative Exhaustion

As the district court correctly noted, a plaintiff must first exhaust his or her administrative remedies for claims brought under the ADEA, the TCHRA, and Title VII before filing suit.[8] *Foster v. Nat'l Bank of Bossier City*, 857 F.2d 1058, 1060 (5th Cir. 1988) (ADEA); *Jones v. Grinnell Corp.*, 235 F.3d 972, 975 (5th Cir. 2001) (TCHRA); *McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir. 2008) (Title VII). To properly exhaust, a private employee must file an administrative charge with the EEOC. *Pacheco v. Mineta*, 448 F.3d 783, 788 n.6 (2006). In assessing whether a charge properly exhausts a particular claim, we "construe[] an EEOC complaint broadly," but we will only find a claim was exhausted if it could have been "reasonably . . . expected to grow out of the charge of discrimination." *McClain*, 519 F.3d at 273 (quotation omitted).

Appellants uniformly allege race, age, and national origin discrimination as well as retaliation in the Third Amended Complaint. Nonetheless, their individual EEOC charges only identified certain claims as to each of them as

---

[7] We also pretermit the question of whether HPA constituted an "employer" or could otherwise be subjected to successor liability under the applicable statutes.

[8] In addressing their race and retaliation claims, appellants mix their discussion of their Title VII and TCHRA race and retaliation claims with their discussion of their 42 U.S.C. § 1981 race and retaliation claims. Our holding as to exhaustion, like that of the district court, only applies to those claims subject to an exhaustion requirement and does not reach appellants' various § 1981 claims.

follows: national origin (Anyalebedhil, Hernandez, and Minambisseril), race (Brumfield, Etoama, and Granville), and race and age (Davis, Jacobs, Jefferson and Potier) either by checking the appropriate box or otherwise describing the alleged discriminatory conduct in the narrative section of their charge. Appellants cite nothing that suggests otherwise.

Accordingly, we find that the appellants all have failed to exhaust their retaliation claims under Title VII, the ADEA, and the TCHRA because they could not be "reasonably . . . expected to grow out of the charge of discrimination," *McClain*, 519 F.3d at 273 (quotation omitted).  For the same reason, we conclude that the district court did not err in determining that the following claims were unexhausted for the appellants listed in parentheses: race and age (Anyalebedhil, Hernandez and Minambisseril), national origin and age (Brumfield, Etoama, and Granville) and national origin (Davis, Jacobs, and Jefferson).

### b.  Age Discrimination under the ADEA and the TCHRA

Only four appellants present properly exhausted age discrimination claims: Davis, Jacobs, Jefferson, and Potier.  The district court concluded after extensive analysis that appellants' age discrimination claims failed for two independent reasons: 1) termination of older employees to cut costs and prevent the vesting of pension benefits does not constitute age discrimination under the ADEA and TCHRA as a matter of law; and 2) appellants could not make out a prima facie case on the record before the district court.  We agree with the district court's first ground of decision and, therefore, need not address whether appellants could make out a prima facie case or the attendant discovery issues advanced in the appellate briefing.

*Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993), holds that an employer's decision to take an adverse employment action because of an employee's seniority or because an employee's pension is about to vest does not, in itself,

violate the ADEA.  Applying *Hazen*, we have subsequently held that "the ADEA prohibits discrimination on the basis of age, not salary or seniority." *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 152 (5th Cir. 1995).  The testimony cited by appellants as grounds for reversal does not change, and in part directly supports, the outcome dictated by *Hazen* and *Armendariz*.

    c.  Race and National Origin Discrimination under Title VII, the
       TCHRA, and 42 U.S.C. § 1981

Turning next to appellants' race and national origin claims, the district court concluded below that all of appellants' claims under all of the applicable statutes failed because 1) appellants' could not make out a prima facie case as to any of their claims and 2) none of the appellants' eight attempts to demonstrate pretext in response to appellees' proffer of a legitimate reason for termination had merit.  We agree with the district court's conclusion that appellants' fail to make out a prima facie case as to any of their race or national origin discrimination claims, and, again, we do not reach the question of pretext.

To establish a prima facie case of race or national origin discrimination, a plaintiff must show she: 1) is a member of a protected class; 2) was qualified for the position at issue; 3) was subjected to an adverse employment action; and 4) was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).[9]  Only the fourth element – treatment of similarly situated employees – is in dispute.

Appellants have failed to adduce or cite any evidence in the record demonstrating that other similarly situated employees were treated differently by appellees.  In their briefing, appellants point to the following items as

---

[9] Appellants' assert on appeal without citation that only the first three elements discussed in *McCoy* are required to make out a prima facie case.  As *McCoy* itself demonstrates, this argument is wholly without merit. *McCoy*, 492 F.3d at 556.

summary judgment evidence satisfying the fourth element of the prima facie case: 1) the Smilex Proctored Tests List; 2) the Smilex RSP Training System Summary Report; 3) excerpts of Willman's deposition testimony; and 4) Keith Moffitt's affidavit.[10] As noted above, appellants' have failed to appeal the district court's exclusion of Keith Moffitt's affidavit.    The citations to Willman's deposition either do not support appellants' argument or misrepresent her testimony.  As such, the only items of competent summary judgment evidence advanced by appellants are the Proctored Test List and the Summary Report.

Neither of these items, however, make out a prima facie case.  First, the Proctored Test List actually cuts against appellants in that it shows appellees' retest policy was applied to at least one non-minority individual, Keith Moffitt. Second, the Summary Report, as explained by the district court, does not contain sufficient information to make out a prima facie case.  Appellants have repeatedly relied upon a chart created by their counsel using the Summary Report to demonstrate appellees' disparate treatment of white employees. Yet the Summary Report does not include any information regarding the race or national origin of these supposed comparators.  Appellants attempt to identify the races[11] of these comparators using the Moffitt Affidavit[12] notwithstanding

_____

[10] We note that these four items were not the only parts of the record cited by appellants.  Instead, appellants included numerous citations that either failed to support the contention advanced or misrepresented the contents of the record. Appellants also alleged new arguments to support their disparate treatment claims in their appeal.   Specifically, appellants argue for the first time on appeal that: 1) they were passed over for promotions in favor of white employees and 2) appellees allowed white employees, their families, and their pets to seek shelter in Christus's facility during Hurricane Rita but refused similar treatment to black employees.  Arguments such as these, presented for the first time on appeal, are waived.  *LeMaire v. Louisiana*, 480 F.3d 383, 387 (5th Cir. 2007) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal.").

[11] Appellants make no effort in any of their briefing to identify the national origins of the alleged comparators or explain their failure to do so.

[12] Appellants appear to concede in their reply brief that the Moffitt Affidavit is the only source of the missing comparator information when they assert that: "The allegations were

No. 09-20410

the fact that it is not before the court.[13]  Accordingly, appellants have failed to demonstrate a prima facie case of race or national origin discrimination as to all appellants.

2.  Appellants' 42 U.S.C. § 1981 Retaliation Claims

The district court granted summary judgment on appellants' § 1981 retaliation claims for two reasons: 1) appellants failed to state a plausible claim for relief as to retaliation in their Third Amended Complaint; and 2) appellants failed to advance competent summary judgment evidence demonstrating they had engaged in protected activity.  Appellants' address the merits of this claim only in their reply brief.  Accordingly, any claimed error as to the grant of summary judgment on appellants' § 1981 retaliation claims has been waived. *See Tharling v. City of Port Lavaca*, 329 F.3d 422, 430 (5th Cir. 2003) (holding that appellant waived issue by failing to raise it in opening brief).

3.  Appellants' Hostile Work Environment and Disparate Impact
    Claims

Finally, we address appellants' claim that the district court erred in dismissing their hostile work environment and disparate impact claims. Appellants' Third Amended Complaint does not reference either a hostile work environment claim or a disparate impact claim.  The facts included in the complaint do not describe a hostile work environment claim or a disparate

---

based also in part on the evidence in the declaration of Keith Moffitt . . . who **identified the races** of the employees listed on the Smilex summary report below." (emphasis in original).

[13] Though appellants also claim they were afforded insufficient discovery, they failed to move for relief under Federal Rule of Civil Procedure 56(f) and therefore have waived this argument on appeal. *United States v. Bloom*, 112 F.3d 200, 205 n.17 (5th Cir. 1997) (failure to move under Rule 56(f) waives a party's complaint that the district court ruled after inadequate discovery); *Potter v. Delta Air Lines*, 98 F.3d 881, 887 (5th Cir. 1996) (failure to seek relief under Rule 56(f) "foreclose[s] [a party] from arguing that [it] did not have adequate time for discovery"); *see generally* 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.10(8)(b) (2010) (discussing the appellate consequences of failure to make a Rule 56(f) motion).

impact claim.  Neither of these claims are discussed anywhere in appellants' 61-page response to appellees' original motion of summary judgment.  The first time appellants in any way suggest they are advancing either claim appears in their improperly filed sur-reply.  As the district court correctly explained below, a plaintiff may not rely on new claims raised for the first time in a response – let alone a sur-reply – to a motion for summary judgment.  *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").  Additionally, "[c]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment," *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quotation omitted), much less make out a claim.  Accordingly, we agree with the decision below that the appellants' hostile work environment and disparate impact claims were not properly before the court.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.