# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2013

Lyle W. Cayce
Clerk

No. 11-30968

SILVER DREAM, L.L.C., a Louisiana Limited Liability Company,

Plaintiff–Appellant,

v.

3MC, INCORPORATED; CHARLES CHEN; MEI CHEN, doing business as Silver Salon,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-3658

Before DAVIS, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Silver Dream, L.L.C. sued 3MC, Inc. and Charles and Mei Chen (collectively, the Chens) for selling jewelry that allegedly infringed on a Silver Dream copyright. The parties settled the claim by agreeing, among other things, that the Chens would provide affidavits disclosing details of the infringing items. Silver Dream thereafter refused to dismiss the suit, claiming that the affidavits were insufficient and false. The Chens sought enforcement of the settlement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30968

agreement, and the district court granted them summary judgment. We affirm and remand for the district court to consider an award of appellate attorney's fees and costs as provided by the settlement agreement.

## I

Silver Dream owns a copyright registration for a football-themed fleur-de-lis jewelry design. It sued the Chens for selling pendants with a similar design at their Silver Salon stores. The parties agreed to a settlement under which Silver Dream would dismiss the suit in exchange for the Chens' paying $1,850, providing affidavits identifying the source of their pendants and purchase and sale terms, and agreeing to turn over any infringing inventory and cease future infringing sales. The Chens were to warrant the affidavits to be "materially true, complete, and exact," and Silver Dream retained the right to terminate the settlement within a year if it could "demonstrate that any material fact in the . . . [a]ffidavits is false."

To satisfy the affidavit requirement, Charles and Mei Chen each provided a sworn declaration; Silver Dream has not made an issue of any distinction between the two declarations. Mei stated that, "[t]o the best of [her] knowledge and memory," she purchased ten pendants from Malibu International (Malibu) while at a trade show; she allowed that "[i]t could have been a few more items than that" but noted it was a small purchase for which she likely paid cash and did not have a receipt. Charles's declaration also cited Malibu as the source for his wife's purchase of ten pendants; he did not suggest she might have bought other items, nor did he provide any pricing information or state that he had been at the trade show. When asked to clarify the number and type of items purchased, the Chens' attorney said Mei Chen was "really uncomfortable with an exact number" and that her declaration "leaves some room open" for other items that she could not remember.

No. 11-30968

Silver Dream added Malibu to the suit and obtained a default judgment when Malibu failed to answer the complaint. Silver Dream refused to dismiss the suit against the Chens from, however, citing two emails and a letter in which Malibu denied that it sold the pendants. Silver Dream also contended that the Chens continued to sell infringing items in violation of the settlement. The Chens filed a counterclaim to enforce the settlement agreement and moved for summary judgment. After the court sua sponte continued its consideration of the motion, Silver Dream sought another continuance so that it could take the depositions of Charles and Mei Chen, scheduled for several weeks later. The district court granted summary judgment and then denied the motion for continuance as moot. Silver Dream appeals both decisions.

## II

Silver Dream asserts that the Chens' declarations were insufficient to qualify as affidavits under the settlement because Mei Chen provided information only "[t]o the best of [her] knowledge and memory" or stated only what she "believe[d]." Silver Dream says the qualified nature of the declaration entitles them to terminate the settlement.

Louisiana law governs the construction of the settlement agreement. Under Louisiana law, "[t]he words of a contract must be given their generally prevailing meaning."[1] "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole."[2]

Although the agreement required the Chens to warrant the affidavits to be "true, complete, and exact," the termination provision allowed Silver Dream's unilateral termination only in the event the affidavits were "false." Silver

---

[1] LA. CIV. CODE ANN. art. 2047.

[2] *Id.* art. 2050.

3

No. 11-30968

Dream contends that the clause encompasses any affidavit that fails to be "true, complete, and exact," but we disagree; "false" plainly means only "not true," and we decline to rewrite the parties' contract by adding terms they did not include.[3]

Silver Dream further argues that the qualifications in Mei Chen's declaration prevent it from satisfying the Chens' obligation to provide "affidavits" because affidavits must be positive and unqualified statements of personal knowledge. Nothing in the agreement imposes this requirement, and leading authorities from which we might divine a "generally prevailing meaning" define an affidavit as nothing more than "[a] voluntary declaration of facts sworn before an officer authorized to administer oaths."[4] Silver Dream has not made an argument based on the failure to satisfy any of these core characteristics.

## III

Silver Dream also alleges that the Chens' declarations are *actually* false in several specific instances. First, it alleges that the identification of Malibu as the source of the jewelry is false in light of Malibu's denials that it sold the pendants. Silver Dream acknowledges that Malibu's unsworn denials are hearsay, and its argument that it would have resolved the evidentiary issue had

---

[3] *See, e.g., Prejean v. Guillory*, 2010-C-0740, p. 7 (La. 7/2/10); 38 So.3d 274, 279 ("[W]hen a clause in a contract is clear and unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit, as it is not the duty of the courts to bend the meaning of the words of a contract into harmony with a supposed reasonable intention of the parties.").

[4] BLACK'S LAW DICTIONARY 66 (9th ed. 2009); *see also* 3 AM. JUR. 2D *Affidavits* § 1 (2012) ("An 'affidavit' is a voluntary written statement of fact under oath sworn to or affirmed by the person making it before some person who has authority under the law to administer oaths and officially certified to by the officer under his seal of office." (footnotes omitted)); 2A C.J.S. *Affidavits* § 1 (2012) ("An 'affidavit' is a written declaration under oath sworn to before a person with authority under the law to administer oaths.").

4

No. 11-30968

it had more time cannot defeat summary judgment.[5]    Silver Dream has presented no competent evidence on this point.

Second, Silver Dream offered an expert witness to cast doubt on the sales figures provided by the Chens. The expert would give her opinion of how many items the Chens sold based on how many similar items *other* stores sold, without any documentation of the Chens' actual sales or inventory. "Testimony based on conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion" because the evidence for the non-moving party must be sufficient for a jury to return a verdict for that party.[6] The proposed expert testimony is therefore not enough to create a factual dispute.

Third, Silver Dream contends the Chens sold earrings in the infringing design while mentioning only pendants in their declarations. Even assuming that such an omission would qualify as "false" and permit termination, there is no competent evidence of earring sales. Silver Dream provides only credit card receipts, which do not name the item purchased, and a declaration from Silver Dream's principal, Joseph Tumulty, which states that the receipts are for earrings. Tumulty did not make the purchases but instead had others do so, and testimony from these individuals is not in the record. Because Tumulty lacks personal knowledge of earring sales, there is no evidence from which a factfinder could conclude that the Chens sold earrings.

Silver Dream also argues that it had the right to terminate the settlement because the Chens violated its terms by continuing to sell infringing

---

[5]  *See* FED. R. CIV. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991) ("[I]t was . . . not the district court's duty to examine whether and how [an unauthenticated, unsworn letter] might be reduced to acceptable form by the time of trial.").

[6] *Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)).

merchandise. The evidence for this is again Tumulty's declaration, in which he says he saw "Charles Chen jointly operating a booth" engaged in the sales at a local market. His deposition, however, clarifies that he actually observed an "additional infringer selling the item at a booth adjoined with [Charles Chen's] booth" and that he did not know if Chen was responsible for the sales. The seller of the items provided a declaration in which she states there was "no relationship at all" between her and the Chens. Tumulty's suspicion, without more and with direct contradiction by an individual actually involved in the sales, is insufficient to create a genuine issue of material fact as to whether the Chens violated the settlement on this point.

## IV

Silver Dream also appeals the denial of its motion to continue the submission date of the summary judgment motion so it could complete discovery.[7] Specifically, Silver Dream sought to depose the Chens and secure a ruling on a motion to compel discovery responses. The district court denied the motion for a continuance as moot after it ruled in favor of the Chens' summary judgment motion.

The denial of a motion for a continuance is reviewed for abuse of discretion.[8] Continuances are intended "to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."[9] "Such motions are broadly favored and should be liberally granted."[10] "Where the party

---

[7] *See* FED. R. CIV. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").

[8] *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986).

[9] *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

[10] *Id.*

opposing the summary judgment informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful, 'a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.'"[11]  In order to obtain a continuance, the moving party must demonstrate specifically how the requested discovery pertains to the summary judgment motion and must have diligently pursued the relevant discovery.[12]  Delays in discovery attributable to the party seeking a continuance weigh against the granting of such a continuance.[13]

Silver Dream did not seek to depose the Chens until after the summary judgment motion and response had been filed.  The dates it then proposed were after the initial submission date on the motion, and it did not ask for a continuance until after submission had already been continued once by the court sua sponte.  Silver Dream's only explanation for why it did not take the depositions earlier seems to be that it thought it would prevail without them but later realized that, if its evidence were held inadmissible, it would need more to survive summary judgment.  With respect to the motion to compel, Silver Dream has provided only conclusory assertions that the responses it anticipates will be sufficient to defeat summary judgment and has not shown specifically how the additional time for discovery would create a factual dispute.  Under these

---

[11] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (quoting *Sames v. Gable*, 332 F.2d 49, 51 (5th Cir. 1984)).

[12] *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992); *see also Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1292 (5th Cir. 1994) ("[The party does] not need to know the precise content of the requested discovery, but [it does] need to give the district court some idea of how the sought-after discovery might reasonably be supposed to create a factual dispute.").

[13] *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (holding there was no abuse of discretion in denying continuance when evidence sought was available to non-movant throughout a previous one-hundred-day extension of time); *Wichita Falls Office Assocs.*, 978 F.2d at 919 ("[T]he trial court need not aid non-movants who have occasioned their own predicament through sloth." (citing *Int'l Shortstop*, 939 F.2d at 1267)).

circumstances, we cannot say the district court abused its discretion in denying a continuance.

## V

Under the settlement agreement, the prevailing party "[i]n any action arising out of a breach of this Settlement Agreement or to enforce any term of this Settlement Agreement" is entitled to "reasonable attorney fees and costs." The Chens were granted attorney's fees by the district court for the proceedings below and request the opportunity to seek a similar award for this proceeding. We agree that this is a matter for the district court and remand for this purpose.[14]

\*    \*    \*

For the foregoing reasons, we AFFIRM the judgment of the district court and REMAND for a determination of attorney's fees and costs.

---

[14] *See Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003) (remanding to district court for determination of appellate attorney's fees under the terms of a contract).