# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 18, 2013

No. 12-20584

Lyle W. Cayce
Clerk

ROBERTO C. CASTRO

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-132

Before STEWART, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Roberto Castro, a former corrections officer, sued his past employer, the Texas Department of Criminal Justice ("TDCJ"), for discriminating against him because of his race (Hispanic), sex (male), and age (49-51 years old during the relevant period). Castro brought claims under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, and the Texas Commission on Human Rights Act ("TCHRA"). TDCJ moved for summary judgment of dismissal on all of the claims, which the court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20584

granted. On appeal, we affirm the dismissal of Castro's race and sex discrimination claims, but we reverse as to his age discrimination claims and remand for additional discovery and other consistent proceedings.

## I. FACTS AND PROCEEDINGS

Castro acknowledges a series of disciplinary infractions from 2009-2011, but contends that he was punished more harshly than he should have been because of his race, sex, and age. He was eventually demoted and replaced by a 42-year old black female, and he retired a few weeks after that demotion.

Castro sued in state court, and TDCJ removed his action to federal court in January 2012, making its initial disclosures a month later. On April 10, 2012, Castro requested a conference to establish a discovery plan. Two days later, the court ordered each party to make various disclosures by April 27. TDCJ was instructed to provide, *inter alia*, Castro's performance and personnel records; operating records describing disciplinary measures taken against him; his rank, pay, and assignment records; the names of those who had made employment decisions involving him, the names of their supervisors, and the names of the human resources personnel involved; an organizational chart; resumes of workers who replaced him; and demographic data on various TDCJ employees. By separate order, the court set an initial conference for April 30, at which it pledged to "decide motions, narrow issues, inquire about and resolve expected motions, and schedule discovery." The court advised counsel for both parties to consult with each other in advance of that conference.

TDCJ timely served its court-ordered disclosures on an encrypted CD and, citing a scheduling conflict, requested that the April 30 conference be rescheduled. The court granted that request and reset the conference for May 18. Castro's attorney failed to attend the rescheduled conference, apparently without first obtaining leave of court for the absence. The court nevertheless

2

No. 12-20584

held the conference *ex parte* and permitted the government to file a motion for summary judgment on all claims by June 1, just two weeks later. Castro was directed to respond to TDCJ's motion by June 8. The conference produced no discovery plan.

In a letter filed with the court on May 23, Castro's attorney apologized for his unexcused absence and explained that he had been at the VA hospital visiting his ailing father, who had in fact died two days after the conference. On May 24, Castro filed a motion for a 30-day continuance of the summary judgment timetable to allow for discovery. He informed the court that he had been unable to open the encrypted disc using the password that TDCJ had provided, that he was provided the same non-working password after informing TDCJ of his technical difficulties, and that he had requested but not yet received an unencrypted copy of the disclosures. The next day, the court issued the following order: "If Robert C. Castro had appeared at the conference on May 18, 2012, the problems with the disk could have been discussed. Robert C. Castro's motion for continuance is denied."

TDCJ filed its summary judgment motion on June 1. Castro opposed the motion on June 8 and included his initial disclosures, his court-ordered disclosures, and an affidavit attesting to (1) multiple supervisors' questions and comments about his age and plans for retirement and (2) his inability to conduct any discovery in the case. TDCJ filed a reply; Castro filed a sur-reply; one month after the last filing, the court granted TDCJ's motion for summary judgment. As Castro had failed to include allegations of race or sex discrimination in his Equal Employment Opportunity Commission ("EEOC") charge, the court dismissed those claims as administratively unexhausted. It held that Castro had failed to create an issue of material fact to support his age discrimination claims and that he neither alleged retaliation in his complaint

3

nor provided facts to support that claim.[1]  Castro timely filed a motion for reconsideration in which he challenged the court's legal conclusions and again stressed that he had never been given an opportunity to conduct needed discovery.  The court denied the motion in a one-line order the next day.

Castro timely filed a notice of appeal.  He contends on appeal that the district court abused its discretion in denying him any opportunity for discovery before ruling on TDCJ's summary judgment motion.  He also challenges the merits of the court's dismissal of his age, race, and sex discrimination claims.

## II.  ANALYSIS

### A.    Motion for a Continuance Under FRCP 56(d)

When we review the district court's denial of Castro's motion for a continuance for abuse of discretion,[2] we conclude that the court did indeed abuse its discretion. Under Federal Rule of Civil Procedure 56(d),[3] "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  A motion for a continuance under Rule 56(d) is "broadly favored and should be liberally granted."[4]  Indeed, when "the party opposing the summary judgment informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful,

---

[1]  Castro does not challenge on appeal the district court's conclusion that he had failed to assert a retaliation claim.

[2]  *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986).

[3]  The provisions in what is now Rule 56(d) were moved, without any substantial change, from 56(f) in 2010 when Rule 56 was rewritten.  *See* 10B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2740 (3d ed. 2013) (hereinafter WRIGHT & MILLER).

[4]  *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

No. 12-20584

'a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.'"[5]  But "the moving party must demonstrate how the requested discovery pertains to the summary judgment motion and must have diligently pursued the relevant discovery."[6]

The district court did not give any reasons for denying Castro's continuance, noting only that if he had appeared at the conference, his technical difficulties could have been addressed.  Although a party's failure diligently to pursue discovery may warrant denial of a motion for a continuance,[7] there is no evidence indicating that Castro was dilatory in this instance.  It was *he* who requested a conference to create a discovery plan, and it was *TDCJ* that had asked the court to continue the conference the first time.  The purpose of the conference was to create a discovery plan, only after which might formal discovery *begin*.[8]  Instead, ostensibly as punishment for his counsel's unexcused absence, the court not only denied Castro an opportunity for additional discovery, but also denied him an opportunity to review the limited information that the court had already ordered produced and which had been provided by TDCJ but only in an inaccessible format.  Castro did not "occasion[] his own

---

[5] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (quoting *Sames v. Gable*, 732 F.2d 49, 51 (5th Cir. 1984)).

[6] *Silver Dream, L.L.C. v. 3MC, Inc.*, 2013 U.S. App. LEXIS 5297, *10 (5th Cir. Mar. 18, 2013) (citing *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992); *see also Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1292 (5th Cir. 1994) (noting that opposing party does "not need to know the precise content of the requested discovery, but [must] give the district court some idea of how the sought-after discovery might reasonably be supposed to create a factual dispute").

[7] *See Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005); *Wichita Falls Office Assoc.*, 978 F.2d at 919.

[8] *See* WRIGHT & MILLER § 2046.1 (noting that under FEDERAL RULE OF CIVIL PROCEDURE 26(d), "no formal discovery may be undertaken until the parties have conferred pursuant to Rule 26(f) and discussed a discovery plan").

predicament through sloth[,]"[9] and the court's indignation following the missed conference is not sufficient cause for blindsiding Castro with such an aggressive timetable for responding to a dispositive motion.

Finally, a party seeking a continuance under Rule 56(d) typically must explain how the desired discovery could give rise to a genuine issue of material fact; such party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment."[10]    With his timely opposition to summary judgment, Castro submitted an affidavit in which he stressed that he had received no discovery other than preliminary disclosures.[11]    In his earlier motion for a continuance, Castro had explained that, although he had received TDCJ's court-ordered disclosures on April 23, he had been unable to inspect the contents of the encrypted disc, despite his follow-up attempts to obtain a working password from TDCJ.  Castro needed this encrypted information to rebut TDCJ's assertions of non-discriminatory reasons for his demotion.  The court had to have recognized this need; otherwise it would not have ordered the disclosures in the first place. Thus, although Castro did not explain in his affidavit exactly what he hoped to obtain from this discovery to help him demonstrate the presence of a fact issue and thus defeat summary judgment, we will not rigidly interpret this requirement, inasmuch as Castro had received *no* discovery in an accessible format as of the time of the court's order.

Our deference to the district court's decision to deny Castro's motion for a continuance "is limited by our presumption that such motions should be

---

[9]  *Wichita Falls Office Assoc.*, 978 F.2d at 919.

[10]  *Access Telecomm., Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999).

[11]  *Cf. Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990) (noting that "implication and logic require that a [motion for a continuance] be made prior to the summary judgment hearing."); WRIGHT & MILLER § 2719.

liberally granted."[12]  And here, the court's abject refusal to permit Castro any time for discovery, or even to explain its reasons for denying the requested continuance, convinces us that the court abused its discretion.

## B.    Which Claims Survive?

Despite the court's error in denying the requested continuance, we will not reverse and remand with respect to those claims for which additional discovery would be fruitless.[13]

### 1.    Race and Sex Discrimination Claims

A plaintiff alleging workplace discrimination must exhaust his administrative remedies before he may sue under the ADEA, Title VII, or the TCHRA.[14]  We will "not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation."[15]  Instead, we "construe an EEOC complaint broadly but in terms of the administrative EEOC investigation that 'can reasonably be expected to grow out of the charge of discrimination.'"[16]

Castro's EEOC claims in this case did not in any way signal that he might have been a victim of race or sex discrimination.  Although the form contained boxes to check for discrimination based on "race," "color," "sex," "religion,"

---

[12]  *Culwell*, 468 F.3d at 872.

[13]  *See id.* at 874.

[14]  *See Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 489 (5th Cir. 2010) (citing *Foster v. Nat'l Bank of Bossier City*, 857 F.2d 1058, 1060 (5th Cir. 1988)) (ADEA); *McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir. 2008) (Title VII); *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485-86 (Tex. 1991) (TCHRA).

[15]  *McClain*, 519 F.3d at 273.

[16]  *Id.* (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).

"national origin," retaliation," "age," "disability," genetic information," and "other," Castro checked only the retaliation and age boxes. In the form's section asking for the "particulars" of his claim, he explained only the basis for his age discrimination charge, making reference to neither his race or sex, nor to incidents of discrimination based on those characteristics. He concluded: "I believe that I have been discriminated against because of my age, and retaliated against, in violation of the [ADEA]."

We cannot see how an investigation into race or sex discrimination "[could] be expected to grow out of" this charge.[17] Castro sheds no light, only declaring that his race and sex discrimination claims are "inextricably entwined" with his age discrimination claim because TDCJ replaced him with a younger, black female. But he did not even allege the race and sex of his replacement in his administrative charge or provide any other evidence of discrimination based on these characteristics. Our case law requires more from a plaintiff than Castro provided. As Castro never even presented claims based on race or sex to the EEOC, he could not have exhausted them.[18]

### 2.    *Age Discrimination Claims*

By contrast, Castro properly exhausted his state and federal age discrimination claims, and, having alleged facts that raise the specter of age discrimination, he should have been granted some discovery to defend against TDCJ's motion. In its order and reasons granting summary judgment, the district court either ignored Castro's state law age discrimination claim entirely or implicitly addressed it alongside his ADEA claim. The court did not, however,

---

[17] *Id.*

[18] *See Jefferson*, 374 F. App'x at 490 (concluding that plaintiffs who neither checked boxes nor included facts on their EEOC charges to identify discrimination based on certain characteristics had failed to exhaust those claims).

address TDCJ's specific contention that Texas's procedure for election of remedies precluded Castro from advancing both state and federal theories in the same action.

The Texas Labor Code's 'Election of Remedies" provision states: "A person who has initiated an action in a court of competent jurisdiction . . . based on an act that would be an unlawful employment practice under this chapter may not file a complaint under this subchapter for the same grievance."[19]  The section "limits the ability to pursue multiple grievances in multiple forums over the same alleged conduct."[20]  Thus, "[i]n the realm of employment discrimination litigation—where federal, state, and local governments individually declare their opposition to unlawful discrimination—Section 21.211 merely means a plaintiff cannot file an administrative complaint [under the TCHRA] after having already (1) filed a lawsuit under a federal or local anti-discrimination measure covering the same conduct or (2) begun administrative proceedings with the EEOC or local enforcement entities based on the same conduct."[21]  But, as the TCHRA is not "the exclusive word on work-related discrimination and retaliation in Texas,"[22] "claimants are free to seek relief under parallel federal or local laws,"[23] and Section 21.211 "does not preclude a plaintiff from arguing in the alternative" as permitted by Federal Rule of Civil Procedure 8.[24]  TDCJ's interpretation of the exclusive remedies provision has no merit.  We reverse and remand for the

---

[19]  TEX. LAB. CODE ANN. § 21.211.

[20]  *City of Waco v. Lopez*, 259 S.W.3d 147, 155 (Tex. 2008).

[21]  *Id.*

[22]  *Id.*

[23]  *Id.*

[24]  *Sauceda v. Bank of Tex., N.A.*, 2005 U.S. Dist. LEXIS 3769, *12 (N.D. Tex. March 9, 2005).

district court to allow Castro to conduct discovery relevant to both his state and federal claims of age discrimination.

## III.  CONCLUSION

We affirm the district court's judgment dismissing Castro's race and sex discrimination claims.  We reverse the court's dismissal of Castro's age discrimination claims, however, vacating that facet of the judgment and remanding for further consistent proceedings.  On remand, the district court is instructed to provide Castro a sufficient discovery period before resolving dispositive motions.