# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2013

Lyle W. Cayce
Clerk

No. 12-31001
Summary Calendar

LEWIS E. BROWN,

Plaintiff−Appellant,

versus

BURL CAIN, Warden; JONATHON ROUNDTREE, Doctor;
DONALD BARR, Assistant Warden;
MARY LABATU, LSP Employee and Pharmacist,

Defendants−Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:11-CV-103

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31001

Lewis Brown, Louisiana prisoner # 73428, appeals a summary judgment, the denial of his cross-motion for summary judgment, and the dismissal of his 42 U.S.C. § 1983 action. He additionally moves for a preliminary injunction and/or a temporary restraining order ("TRO") and to dispense with the security requirement of Federal Rule of Appellate Procedure 8(a)(2)(E).

I.

In February 2011, Brown filed a *pro se* § 1983 action against Warden Burl Cain, Assistant Warden Donald Barr, Dr. Jonathon Roundtree, and Mary Labatut, a pharmacist.[1] He claimed that, starting in 2003, the defendants failed to provide him with his daily aspirin prescription on a regular basis; he received no aspirin from December 2008 to June 2009; and his prescription was filled incorrectly in March 2010. In addition, Brown maintained that, as a result, his condition deteriorated, resulting in a fall in June 2010, he fractured his hip, and the treatment of his hip was delayed.[2]

In granting summary judgment and dismissing Brown's § 1983 action, the district court found that all of Brown's claims arising before February 23, 2010, were barred by limitations. The court found that Brown was not entitled to relief as to his allegations against Labatut because the undisputed evidence showed she was on leave. As to the allegations that Cain, Barr, and Roundtree were liable for the actions of their subordinates, the court found them insufficient to state a claim under § 1983.

---

[1] The name is spelled as both "Labatut" and "Labatu" in the record. We have adopted the spelling used in the district court by Labatut's attorney.

[2] Brown has alleged, at times, that this claim arose in July 2010; at other times, he has alleged that it arose in June 2010. Because the prison medical records suggest the claim arose in June 2010, we have used that date.

No. 12-31001

In dismissing the claim that Roundtree acted with deliberate indifference to Brown's hip fracture, the court found that the undisputed evidence showed Brown had received prompt evaluation, treatment, and medication. Finally, as to the official-capacity claims against Cain and Barr, the court found that Brown had not sought prospective injunctive relief, so his claims were not actionable.

## II.

On appeal from a summary judgment, this court conducts a *de novo* review, employing the same standard used by the district court. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

## A.

For actions brought pursuant to § 1983, federal courts borrow the forum state's personal-injury limitations period. *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999). In Louisiana that period is one year. *Id*. at 158; LA. CIV. CODE ANN. art. 3492. Brown argues that some of his claims arose during the year before he filed his § 1983 complaint and thus are not time-barred.

Brown's § 1983 action, initiated in February 2011, raised claims arising from acts starting in 2003 and, also, claims arising between December 1, 2008, and June 2009, in March 2010, and in June 2010. Brown is correct that his claim that the defendants provided him with the wrong quantity and dosage of aspirin in March 2010 and his claim that the defendants delayed treatment for his fractured hip in June 2010 are not time-barred because they arose during

No. 12-31001

the year before he filed his § 1983 complaint. The district court's opinion is consistent with this particular argument.

As for Brown's remaining § 1983 claims that, starting in 2003, the defendants failed to provide him with aspirin regularly and then provided no aspirin from December 2008 to June 2009, Brown concedes that any claims arising before April 13, 2009, are prescribed. Absent an exception to the one-year limitations period, the claims arising between April 14, 2009, and the end of June 2009 are time-barred.

Although, as Brown says, the filing of a prison grievance may toll limitations while the grievance is pending, Brown filed his § 1983 action too long after his grievance proceeding ended to benefit from any tolling. *See Harris*, 198 F.3d at 158−59. With the benefit of liberal construction, Brown also argues that the defendants' behavior constituted a continuing tort. Brown's claims, however, do not constitute continuing torts because he did not allege continuous wrongful conduct "on an almost daily basis."[3] Accordingly, claims arising between April 14, 2009, and the end of June 2009 are time-barred.

## B.

Brown does not dispute the findings regarding when Labatut was working at the prison. Instead, he contends in a conclusional fashion that Labatut should remain a defendant because she was responsible for "ensuring pharmaceutical services" both before and after her leave. Because, however, the court properly found that the claims arising before February 23, 2010, were time-barred and because Brown's remaining claims arose when the undisputed

---

[3] *Lizotte v. Leblanc*, 456 F. App'x 511, 512 (5th Cir.) (per curiam), *cert. denied*, 133 S. Ct. 39 (2012); *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000).

evidence showed Labatut was not working, the court properly granted summary judgment as to the claims against Labatut.[4]

Brown additionally argues that the district court erred in dismissing his claims against Labatut because Brown sought prospective injunctive relief against Labatut.  But in his original and amended complaints, Brown did not seek prospective injunctive relief against Labatut.

C.

Although the district court found Brown's claims against Cain, Barr, and Dr. Roundtree barred by the doctrine of *respondeat superior*, Brown argues that his § 1983 complaint included allegations against these defendants for their own failure to provide a constitutionally adequate medication-delivery system in the prison and for their refusal to correct known deficiencies in the system.  In Brown's original and amended § 1983 complaints, he indicated that he sought to hold Cain, Barr, and Roundtree responsible for both the actions of others and their own actions.  To the extent Brown sought to hold Cain, Barr, and Roundtree liable for the actions of their subordinates, the district court is correct that such claims are insufficient to state a claim for relief under § 1983. *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010).  To the extent Brown sought to hold Cain, Barr, and Roundtree liable for their own actions concerning the allegedly inadequate medication-delivery system, the district court provided no analysis.

A supervisor may be liable for involvement in a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).  Supervisory

---

[4] *See Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *see also Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (stating that "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue") (internal quotation marks and citation omitted)).

liability may exist under § 1983 "without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* (internal quotation marks and citation omitted). A policy may be a "statement, ordinance, regulation, or decision that is officially adopted" by an official who has policymaking authority or a "persistent, widespread practice" that is not formally authorized but "is so common and well settled as to constitute a custom that fairly represents . . . policy." *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (internal quotation marks and citation omitted). Knowledge of a custom must be attributable to a policymaker. *Id.*

The evidence in the record, including the affidavits of Cain, Barr, and Roundtree, the answers to interrogatories, a prison job description, prison policies discussing policymaking and the training of staff, and the affidavits of Brown and other inmates, establishes genuine disputes as to material facts concerning whether a policy or widespread practice in the prison medication-delivery system resulted in the violation of Brown's constitutional rights. *See Thompkins*, 828 F.2d at 304; *Johnson*, 958 F.2d at 94. Accordingly, summary judgment on such claims was improper. *See* FED. R. CIV. P. 56(a).

Brown argues that, contrary to the district court's findings, Roundtree delayed treatment of his hip fracture in violation of the Constitution. A delay in treatment does not violate the Eighth Amendment unless the denial or delay was the result of the defendant's deliberate indifference and harm was suffered during the delay. *Easter v. Powell*, 467 F.3d 459, 464−65 (5th Cir. 2006).

The evidence in the record, including the prison medical records, Roundtree's affidavit and answers to interrogatories, and Brown's declarations, establishes genuine disputes as to material facts concerning whether there was

No. 12-31001

a delay. *See Easter*, 467 F.3d at 464-65; *Mendoza*, 989 F.2d at 195. Accordingly, summary judgment dismissal of Brown's deliberate-indifference claim against Roundtree was improper. *See* FED. R. CIV. P. 56(a).

D.

Brown argues that the district court erroneously dismissed his official-capacity claims against Cain and Barr because, contrary to the court's findings, he sought prospective injunctive relief against Cain and Barr by seeking the removal of unqualified, inadequately trained security employees from the medication-distribution system and the use of adequately qualified and medically trained personnel. Although Brown did not seek prospective injunctive relief against Cain and Barr in his original § 1983 complaint, he sought it in his amended complaint in addition to seeking various other amendments, including clarifying the capacities in which Cain and Barr were being sued.

In granting Brown's motion to amend, in part, the magistrate judge ("MJ") specified that Brown could amend to clarify the capacities in which Cain and Barr were being sued. Later, in a report and recommendation to the district court, the MJ interpreted that order, stating that, but for permitting Brown to clarify these capacities and issuing other unrelated rulings, he had denied the motion in all other respects; consequently, the MJ concluded that Brown had not sought prospective injunctive relief against Cain and Barr. The district court's later adoption of the MJ's interpretation of the order was not an abuse of discretion. *See Francois v. City of New Roads*, 459 F. App'x 475, 478 (5th Cir. 2012). Accordingly, the court properly dismissed Brown's official-capacity complaints against Cain and Barr.

No. 12-31001

E.

Brown argues generally that the MJ's report and recommendation omitted some of his claims, cited partial standards of law, took arguments out of context, omitted record facts and evidence, and selectively used the evidence to cast an unfavorable light on his claims. He has identified no such errors with specificity, so he has abandoned those claims on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224−25 (5th Cir. 1993).

F.

Brown claims the district court failed to rule on his objections to the sufficiency of certain answers and discovery responses and that he needed the evidence to show deliberate indifference to his medical needs. Discovery is not a prerequisite to the disposition of a motion for summary judgment. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). A party who contends that additional discovery is required before summary judgment may file a motion for a continuance under Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)) together with an affidavit showing, for specified reasons, that he cannot present essential facts.[5] The party may not rely on "vague assertions that additional discovery will produce needed, but unspecified facts"[6] but instead must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the

---

[5] *Castro v. Tex. Dep't of Criminal Justice*, No. 12-0584, 2013 WL 5229972, at *2 & n.3 (5th Cir. Sept. 18, 2013); FED. R. CIV. P. 56(d).

[6] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks and citation omitted).

No. 12-31001

pending summary judgment motion."[7]

A decision whether to delay summary judgment for further discovery is reviewed for abuse of discretion. *Raby*, 600 F.3d at 561. Because Brown failed to file a Rule 56(d) motion and because his motion for an extension of time to complete discovery did not specify what facts, susceptible of collection, would influence the outcome of his case, the court did not abuse its discretion by granting summary judgment without further discovery. *See id.*

## III.

For the foregoing reasons, we AFFIRM the summary-judgment dismissal of Brown's claims arising before February 2010; the claims against Labatut; the *respondeat superior* claims against Cain, Barr, and Roundtree; and the official-capacity claims against Cain and Barr. We VACATE and REMAND as to the dismissal of Brown's claims against Cain, Barr, and Roundtree regarding the prison-medication-delivery system and his claims against Roundtree regarding the hip-fracture treatment. We DENY Brown's motions for a preliminary injunction and/or a TRO and his motion to dispense with the requirement of security because he did not move for injunctive relief in the district court and has not shown that application for such relief would be impracticable. *See* FED. R. APP. P. 8(a)(1)(C), (2)(A). We state no view on the ultimate merit of any claim or on what decisions or rulings the district court should make on remand.

---

[7] I*d.* (internal quotation marks and citation omitted); *see also Castro*, 2013 WL 5229972, at *2 n.6 (observing that courts have required the party to explain how the additional discovery might create a factual dispute precluding summary judgment dismissal).