Darlene **SPARKS** Plaintiff

v.

**LOWE'S HOME CENTERS, INC.** Defendant

**No. 6:04–CV–40.**

United States District Court,
E.D. Texas,
Tyler Division.

Oct. 21, 2004.

---

John Edward Wall, Jr., Dallas, TX, for Plaintiff.

Jason Raymond Dugas, John F. McCarthy, Jr., Deidre Daniell Rehfeld of Littler, Mendelson, PC, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

DAVIS, District Judge.

Before the Court is Defendant's Motion for Summary Judgment and Brief in Support (Docket No. 19). Having considered the parties' written submissions, the Court finds the Motion should be **GRANTED**.

## BACKGROUND

Plaintiff Darlene Sparks brought suit against Lowe's Home Centers, Inc. for failing to reasonably accommodate her and eventually terminating her employment in violation of the Americans with Disabilities Act. Sparks filed two charges with the Equal Employment Opportunity Commission. Sparks filed the first charge on June 10, 2003 (the "June Charge") alleging that from September 24, 2002 to December 16, 2002 she was denied reasonable accommodations and that her employment was terminated in violation of the ADA. Sparks filed the second charge on August 21, 2003 (the "August Charge") alleging that on December 16, 2002 her employment was terminated in violation of the Texas Commission on Human Rights Act ("TCHRA") and the ADA. The TCHRA claim was the only substantive addition in the August Charge from the June Charge.

Although Sparks gave deposition testimony that she did not remember the exact day she received it, the EEOC mailed Sparks a Dismissal and Notice of Rights letter (a "right-to-sue" letter) as to the June Charge on October 6, 2003. This letter advised Sparks that the EEOC was closing its file on this charge because the EEOC was unable to conclude that the ADA had been violated. The letter further informed Sparks that

This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against [Lowe's] under federal law based on this charge in federal or state court. Your lawsuit must be filed *WITHIN 90 DAYS* of your receipt of this Notice; or your right to sue based on this charge will be lost.

On November 12, 2003 the EEOC sent an identical right-to-sue form letter about the August Charge. In the November letter the EEOC informed Sparks it was closing its file as to the August Charge because "Previous Complaint Filed, [the June Charge]." On January 29, 2004 Sparks filed this lawsuit alleging Lowe's violated the ADA.

Lowe's moved for summary judgment on several grounds including that the ninety-day limitations period began when Sparks received the October right-to-sue letter and ran before she filed suit. Sparks argues that because she cannot remember when she received the October letter the limitations period cannot be determined from that letter, and thus, the limitations period should be determined based on the November letter.

## SUMMARY JUDGMENT STANDARDS

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998). An issue of material fact is genuine if the evidence could lead a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Id.; Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must assert competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.1994). The party opposing summary judgment is required to identify evidence in the record and articulate the manner in which that evidence supports his claim. *Ragas,* 136 F.3d at 458. "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548.

## NINETY–DAY LIMITATIONS PERIOD

Before bringing suit in court, an employment-discrimination plaintiff must exhaust administrative remedies, which occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 379 (5th Cir.2002). The ninety-day limitations period is strictly construed and begins when the plaintiff receives the EEOC right-to-sue letter. *Id.* When the right-to-sue letter's receipt date is either unknown or disputed courts have presumed receipt dates ranging from three to seven days after the letter was mailed. *Id.* When faced with an unknown receipt date, the Fifth Circuit concluded that a presumption

of receipt should apply, but did not determine exactly where within the three- to seven-day range the presumption should fall. *Id.* at 379–80. Rather, the court found that even using the more generous seven-day presumption, the plaintiff's claim was untimely. *Id.* at 380.

The EEOC mailed the June Charge's right-to sue letter on October 6, 2003. Using a seven-day presumption, the ninety-day limitations period ran on January 13, 2004. Sparks filed this suit on January 29, 2004, after the ninety-day limitations period ran as to the October right-to-sue letter but before the limitations period ran as to the November right-to-sue letter. Thus the Court must determine which letter began the limitations period.

Sparks argues that according to *Gonzalez v. Firestone Tire and Rubber Co.* the November letter should control. *See* 610 F.2d 241 (5th Cir.1980). In *Gonzalez,* the plaintiff received a right-to-sue letter, but within the ninety-day limitations period the EEOC informed both Gonzalez and Firestone that the EEOC would reconsider its determination and would notify the parties as to its decision on reconsideration. *Id.* at 243. The EEOC eventually issued Gonzalez a second right-to-sue letter. *Id.* at 244. Gonzalez brought suit more than ninety days after receiving the first right-to-sue letter but within ninety days of receiving the second. *Id.* Because the EEOC notified both parties it was reconsidering its earlier determination, the Fifth Circuit held that the second right-to-sue letter began the limitations period. *Id.* at 246.

This is very different than the situation currently before the Court. The EEOC's November letter was not the result of a reconsideration of its October decision. The November letter occurred because Sparks had filed the same charge twice-first to allege an ADA violation then again to allege a TCHRA violation. In fact, the

November letter indicated that the EEOC was closing its case as to the August Charge because it had already reached a decision on the June Charge. The October letter was clear that the ninety-day limitations period would begin upon its receipt and would apply to the ADA charge alleged in this suit. From the October letter Sparks was on notice that she had ninety days to file suit on the claims made in the June Charge. A second right-to-sue letter is ineffective to extend the ninety-day limitations period unless it is issued pursuant to a reconsideration on the merits. *See Gitlitz v. Compagnie Nationale Air France,* 129 F.3d 554, 557 (11th Cir.1997) (relying on *Gonzalez,* 610 F.2d at 246). To hold as Sparks urges would allow any future plaintiff to obliterate the ninety-day limitations period by repeatedly re-filing the same charge with the EEOC. As such, the Court finds that the October right-to-sue letter began the limitations period running and Sparks's suit was untimely.

## CONCLUSION

The Court finds that Sparks's suit is barred by the ninety-day limitations period and there is no genuine issue of fact for the jury. Lowe's is entitled to judgment as a matter of law, and the Court DISMISSES the case accordingly. The Court will issue an appropriate Final Judgment in accordance with this Order.