United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-20043
(Summary Calendar)

CLINTON BOWERS,

Plaintiff-Appellant,

versus

JOHN E. POTTER, Postmaster General,
U.S. Postal Service Agency,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(USDC No. H-02-CV-588)

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Clinton Bowers ("Bowers"), appeals from the order and final judgment of the

district court dismissing his Title VII claims for failing to timely file his lawsuit within the ninety-day

statutory deadline. The issues on appeal are whether the district erred in (1) dismissing Bowers'

claims for untimeliness; and (2) denying Bowers' motion for default judgment. Because we find there

was no error, the order and final judgment of the district court is AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

Clinton Bowers was terminated from his place of employment as a part-time automation clerk for United States Postal Service ("Postal Service") during a ninety-day probationary period. Bowers filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging race and age discrimination by the Postmaster General, John E. Potter ("Potter"). After a hearing before an administrative law judge ("ALJ") of the EEOC, the ALJ concluded there was no pretext to Bowers' termination by Potter. The Postal Service subsequently affirmed the ALJ's conclusion and Bowers appealed to the EEOC's Office of Federal Operations ("OFO"). The OFO reviewed the decision and on November 1, 2001, affirmed the decision of the Postal Service. In its decision, the OFO informed Bowers that he had ninety days from the day of his receipt of the decision to file a civil action. On February 12, 2002, Bowers filed suit in the United States District Court for the Southern District of Texas, one hundred and six days after issuance of the OFO's decision. In the lawsuit, Bowers named Potter and the Postal Service as defendants. The defendants filed motions to dismiss on the basis that Bowers filed his lawsuit after the ninety-day deadline. Defendants' motion was granted and this appeal by Bowers ensued.[1]

## STANDARD OF REVIEW

We review de novo a district court's dismissal of a party's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Spector v. Norwegian Cruise Line, Ltd., 356 F.3d 641, 643-44 (5th Cir. 2004). Before a claim can be dismissed under Rule 12(b)(6), the plaintiff's complaint "must be liberally construed in his favor, and all the facts pleaded in the complaint must be taken as true"

---

[1] The United States Postal Service was properly dismissed as a party because the proper party-defendant in a Title VII action is the Postmaster General. See 42 U.S.C. § 200e-16(6); Lamb v. United States Postal Serv., 852 F.2d 845, 846 (5th Cir. 1988).

2

to determine whether the plaintiff has any valid claim for relief. Brown v. Nationsbank Corp., 188 F.3d 579, 586 (5th Cir. 1999). We will affirm the district court's dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." U.S. ex rel. Thompson v. Columbia HCA/Healthcare Corp., 125 F.3d 899, 901 (5th Cir. 1997). It is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the motion to dismiss.'" S. Christian Leadership Conference v. Supreme Court of State of La., 252 F.3d 781, 786 (5th Cir. 2001)(quoting Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

**DISCUSSION**

A. Untimeliness

Employment discrimination plaintiffs must exhaust all administrative remedies before pursuing claims in federal court. Exhaustion occurs when a plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. Dao v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir. 1996). Title VII provides that claimants have ninety days to file a civil action after receipt of such notice from the EEOC. Nilsen v. City of Moss Point, Miss., 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. § 2000e-5(f)91 (1994)). The requirement to file the lawsuit within the ninety-day limitation period is strictly construed. See Ringgold v. National Maintenance Corp., 796 F.2d 769, 770 (5th Cir. 1986); Espinoza v. Missouri Pacific R.R. Co., 754 F.2d 1247, 1251 (5th Cir. 1985). Courts within this circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. See e.g., Butler v. Orleans Parish School

3

Board, No. Civ. A. 00-0845, 2001 WL 1135616 (E.D.La. Sept. 25, 2001) (dismissing Title VII claims where pro se plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented filing on the ninetieth day, as planned, by family illnesses). Although filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." Dao, 96 F.3d at 789. For all intents and purposes, the ninety-day filing period acts as a statute of limitations. Espinoza, 754 F.2d at 1249 n.1. Ordinarily, commencement of the ninety-day period begins to run on the day that notice is received at the address supplied to the EEOC by the claimant. Id. at 1249. As we stated in Taylor, however, when the date that the letter is actually received is unknown or is in dispute, we will, like other courts, presume that the letter was received within three to seven days after it was mailed by the OFO, unless the plaintiff, through no fault of her own, failed to receive the letter, or the plaintiff presents some other equitable reason for tolling the statute. 296 F.3d at 380-81; see also Espinoza, 754 F.2d at 1249.

Applying Rule 12(b)(6) and other applicable legal principles to the facts at bar, we conclude, beyond a doubt, that Bowers can prove no set of facts entitling him to relief. The OFO mailed its decision to Bowers on November 1, 2001. The record clearly indicates that Bowers was informed in the letter that he had ninety days from his receipt of the decision in which to file a civil action. The final decision by the OFO was attached to his complaint. Applying even the longest presumption for day of receipt, Bowers should have received the letter no later than November 6, 2001.[2] Bowers, however, insists that he did not receive the letter until November 15, 2001. To have filed timely, Bowers would have had to file his lawsuit no later than Wednesday, February 13, 2002. Bowers filed

_____

[2] The record indicates that a certificate of mailing was attached to the OFO's decision and notified Bowers that a presumption would arise that he in fact received notice of the decision after five days from mailing of the decision.

his lawsuit on Friday, February 15, 2002. The district court found that Bowers filed his lawsuit 106 days after the EEOC issued the right to sue letter. Thus, by Bowers' own account, he did not file his lawsuit until two days after the deadline. Notwithstanding Bowers' assertion that he did not receive the letter until November 15, 2001, Bowers evinces no proof to support that assertion. As we stated in Taylor, conclusory allegations are insufficient to preclude dismissal. See 296 F.3d at 380-81. Accordingly, even if we accepted as true that the letter was received on November 15, 2001, as Bowers asserts, he nonetheless filed the civil action two days after the ninety-day deadline. Bowers' complaint, therefore, must be deemed untimely unless he establishes, for some justifiable reason, that the limitations period should be equitably tolled.

Bowers suggests that this court should apply the doctrine of equitable tolling since he filed his complaint only two days after the deadline and because his failure to file timely was due to circumstances beyond his control, i.e., because he did not receive the letter until November 15, some nine days after the presumed date of receipt. Equitable tolling, however, it not automatic. See St. Louis v. Texas Worker's Compensation Comm'n, 65 F.3d 43, 47 (5th Cir. 1995) (requiring courts to consider whether, (1) the EEOC provided adequate notice, (2) the appointment of counsel delayed the filing, (3) the court misled the plaintiff in a material way, or (4) whether the defendant misled or obstructed the plaintiff). As the plaintiff, Bowers bore the burden of establishing a factual basis justifying tolling of the limitations period. Hood v. Sears Roebuck & Co., 168 F.3d 231 (5th Cir. 1999). The district court found that Bowers stated no basis justifying equitable tolling. We agree. Therefore, we conclude that Bowers failed to timely file his complaint in federal district court, and

has proffered no justifiable reason entitling him to equitable tolling.[3]  Accordingly, the district court's dismissal under Rule 12(b)(6) was not in error.

## **CONCLUSION**

For the foregoing reasons, the order and final judgment of the district court dismissing Bowers' Title VII claims for failing to timely file his civil action in federal court by the ninety-day statutory deadline is hereby affirmed.

AFFIRMED.

---

[3] We find no merit in Bowers' claim that the district court erred in failing to grant his motion for default judgment.