# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2009

Charles R. Fulbruge III
Clerk

No. 09-60290
Summary Calendar

CARL D. WASHINGTON

Plaintiff - Appellant

v.

CITY OF GULFPORT, MISSISSIPPI

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CV-173

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Carl D. Washington ("Washington"), proceeding *pro se*, appeals the district court's dismissal of his Title VII and 42 U.S.C. § 1981 claims against the City of Gulfport, Mississippi ("Gulfport"). For the following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Washington filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 14, 2007, where he asserted that Gulfport denied him a promotion "because of [his] race" in violation of Title VII of the 1964 Civil Rights Act. The district court found that Washington's Title VII claim was untimely filed and granted Gulfport's motion for summary judgment. However, the district court also found that Washington's complaint, liberally construed, asserted an additional claim for relief under 42 U.S.C. § 1981. Gulfport than filed a motion to dismiss Washington's § 1981 claim under Federal Rule of Civil Procedure 12(b)(6), alleging that it "does not afford a remedy for violation of rights guaranteed thereunder when such claim is pursued against a governmental entity." The district court granted Gulfport's 12(b)(6) motion to dismiss.

## II. DISCUSSION

### A. Standard of Review

We give *de novo* review to a district court's grant of both summary judgment and a motion to dismiss pursuant to Rule 12(b)(6). *Noble Energy, Inc. v. Bituminous Cas. Co.*, 529 F.3d 642, 645 (5th Cir. 2008); *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009).

### B. Washington's Title VII Claim

On appeal, Washington challenges the district court's summary judgment dismissal of his Title VII claims against Gulfport. The district court found that Washington's claims were time barred. Title VII claims are governed by a statute of limitations, that requires that suit be brought within 90 days of a plaintiff's receipt of the right to sue. 42 U.S.C. § 2000e-5(f)(1). If a plaintiff files suit after the 90-day statute of limitations a court will dismiss the plaintiff's Title VII action. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). The 90-day statutory period is strictly construed. *Id.*

Washington filed two charges of discrimination with the EEOC. He first filed a charge of discrimination with the EEOC on May 14, 2007, in which he named the "City of Gulfport–Fire Department" as the respondent and charged that it denied him a promotion because of his race in violation of Title VII. This charge was signed by Washington on May 10, 2007. Washington also filed a charge of discrimination with the EEOC in which he named the "Civil Service Commission" as the respondent and made the same exact charges as were made against Gulfport. The charge was signed by Washington on May 18, 2007 and filed with the EEOC on May 22, 2007.

On appeal, Washington argues that the date of receipt of the right to sue letter issued against the Civil Service Commission should start the 90-day statute of limitations clock. Washington received that letter on January 31, 2008, and filed suit on April 30, 2008, which is within the statutory 90-day filing requirement.

Washington's argument has no merit. The right to sue letter against Gulfport, the letter that is relevant to the instant case, was issued and mailed to Washington on January 17, 2008. As other courts have held, the complainant is on notice from the date of receipt of the first dismissal letter that he has 90 days to file suit on the claims made to the EEOC, unless the second right to sue letter is issued pursuant to a reconsideration of the merits. *See Sparks v. Lowe's Home Ctr., Inc.*, 341 F. Supp. 2d 671, 674 (E.D. Tex. 2004); *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 557 (11th Cir. 1997). "To hold [otherwise] would allow any future plaintiff to obliterate the ninety day limitation period by repeatedly refiling the same charge with the EEOC." *Sparks*, 341 F. Supp. 2d at 674.

Washington did not allege in the complaint the date when he received the January 17, 2008 right to sue Gulfport letter. Therefore, as the district court correctly noted, we must arrive at a date by applying a presumption of receipt.

*See Books A Millon*, 296 F.3d at 379. In *Books A Million*, this court held that in determining a date for presumption of receipt we should use a range of three to seven days after mailing. *Id.* Presuming that Washington received the right to sue letter on January 24, 2008, seven days after it was mailed, he filed suit on April 30, 2008. In other words, Washington filed suit 104 days after the right to sue letter was mailed, which is well after expiration of the 90-day statutory time limit. Because Washington's claim was time barred, the district court correctly granted Gulfport's summary judgment motion.

C.    Washington's 42 U.S.C. § 1981 Claim

Washington also challenges the district court's dismissal of his 42 U.S.C. § 1981 claim against Gulfport. The district court found that Washington's claim should be dismissed as a matter of law because § 1981 does not afford a remedy for violation of rights guaranteed thereunder when such claim is pursued against a governmental entity. In *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458 (5th Cir. 2001), this court held that "§ 1981 implicitly created an independent cause of action against *private* actors because no other statute created such a remedy," but that "Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law." *Id.* at 463 (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 732 (1989)).

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment in its entirety.

We DENY Washington's motion to supplement the record on appeal. *See* FED. R. APP. P. 10(e)(1) & (e)(2); *United States v. Smith*, 493 F.2d 906 (5th Cir. 1974) (holding that Rule 10(e) exists in order to ensure that the record considered by the court of appeals accurately reflects what actually happened at the district court level and not to introduce new evidence in the court of appeals which was never before the district court). Accordingly, we GRANT Gulfport's

motion to strike Washington's record excerpts. *See id.* Lastly, we DENY Gulfport's  motion to strike Washington's brief and dismiss the appeal for referring to matters outside the record. *See Hennessey v. Blalock*, 77 F.3d 728 (5th Cir. 1995) (noting that this court has discretion to strike references to matters which are outside the record); *United States v.  Martin*, 831 F.3d , 313-14 (5th Cir. 1987) (a case where this court ignored references to matters outside the record and ruled on the record properly before it).