**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 23, 2013

Lyle W. Cayce
Clerk

No. 13-30091
Summary Calendar

GERALD MENSON,

Plaintiff - Appellant,

v.

CITY OF BATON ROUGE; DEPARTMENT OF PUBLIC WORKS,

Defendants - Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-131

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gerald Menson ("Menson") appeals the district court's dismissal of his federal and state law claims against the City of Baton Rouge and its Department of Public Works ("DPW"). For the reasons stated below, we AFFIRM.

I.

Menson filed this claim on March 2, 2012, alleging that his former employers, the City of Baton Rouge and the DPW, unlawfully terminated him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30091

on the basis of age and race. After filing multiple charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Louisiana Commission on Human Rights ("LCHR"), Menson received a final Dismissal and Notice of Rights from the EEOC on September 6, 2011. The Notice informed Menson that he must file suit within ninety days of receipt of the Notice in order to retain his right to sue on that charge. On November 28, 2011, Menson requested a ninety-day extension. The EEOC denied this request verbally in a telephone call. This denial was further confirmed in an undated letter that stated as follows: "This will confirm our telephone conversation of today wherein you were advised that the EEOC could not extend the ninety days to file a lawsuit in the subject charge of employment discrimination."

Menson filed this complaint against the City of Baton Rouge and the DPW on March 2, 2012, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Age Discrimination in Employment Act of 1969 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Louisiana Employment Discrimination Law ("LEDL"), La. Rev. Stat. § 23:301 *et seq.*, La. Rev. Stat. 23:967 (Louisiana Whistleblower Statute, and La. Rev. Stat. 30:2027 (Louisiana Environmental Whistleblower Statute). The district court dismissed his claims on the basis of prescription. This appeal followed.

II.

Menson's claims under Title VII and the ADEA have prescribed. Once a plaintiff has received a right to sue letter from the EEOC, he has ninety days to file a suit or he loses the right to pursue his claims. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *St. Louis v. Texas Worker's Comp. Comm'n*, 65 F.3d 43, 47 (5th Cir. 1995). We strictly construe the ninety-day limitation period. *Taylor*, 296 F.3d at 379.

Menson argues that the letter confirming the denial of his extension of time request was ambiguous and constituted his actual right to sue letter, with the ninety-day deadline starting upon its receipt. However, the letter clearly

2

explains, "your dismissal and notice of rights was issued on September 6, 2011." It then provides a copy of the instructions that were attached to the September 6th letter, explaining the ninety-day deadline.

Menson is correct that the equitable tolling doctrine can, in rare circumstances, serve to suspend prescription. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). We apply this doctrine, however, "only sparingly," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It is not appropriate here, where Menson knew of his rights and failed to act.

It is also undisputed that more than one year has passed between the last act of which Menson complained and the time he filed the complaint; therefore, his state claims have also prescribed. *See, e.g., Rubinstein v. Adm'rs of Tulane*, 58 F. Supp. 2d 702, 708 (E.D. La. 1998) *aff'd in part, remanded sub nom. Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392 (5th Cir. 2000); *Langley v. Pinkerton's Inc.*, 220 F. Supp. 2d 575, 581 (M.D. La. 2002).

### III.

For the reasons stated herein, we AFFIRM the district court's dismissal of Menson's claims.