# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2015

Lyle W. Cayce
Clerk

No. 14-41352
Summary Calendar

DAWN MOORE-AHMED,

Plaintiff – Appellant,

v.

JOHN MCHUGH, Secretary of the Army, Department of the Army,

Defendant – Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:14-CV-14

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Dawn Moore-Ahmed appeals the district court's dismissal of her Title VII discrimination claims. The district court granted Appellee's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) based on a conclusion that Moore-Ahmed's civil complaint was not filed within ninety calendar days of her receipt of a right-to-sue letter from the Equal Employment Opportunity

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41352

Commission, as required by statute.[1] It is undisputed that the complaint was stamped as "filed" by the district court clerk and entered into the official docket on October 9, 2013, two days after the statutory limitation period expired. "Courts within this circuit have repeatedly dismissed [such] cases . . . ."[2]

Moore-Ahmed's sole argument on appeal is that we should treat the complaint as having been filed on October 7, 2013, within the limitation period, because she purports that the district court clerk physically received it on that date. Our court has recognized "the widely accepted definition that a 'paper is filed when it is delivered to the proper official and by him received *and filed*.'"[3] We have also held that in some circumstances, "when [a complaint] is in the custody of the clerk within the time required by statute, [it] has been 'filed' within the requisite time despite the clerk's failure to *actually* 'file' [it]."[4] In this case, however, the district court expressly determined that Moore-Ahmed failed to establish that the complaint had been delivered to the clerk on October 7 to overcome the "clear record of the [October 9] filing date" evidenced in the docket and on the face of the complaint itself. Moore-Ahmed's argument is thus unavailing.

Having considered Moore-Ahmed's brief, the record, and the applicable law, we conclude that the district court correctly granted Appellee's motion to dismiss. Appellee's motion for summary affirmance is GRANTED and the judgment of the district court is AFFIRMED. Appellee's alternative motion for an extension of time to file a merits brief is DENIED as unnecessary.

---

[1] 42 U.S.C. § 2000e-5(f); *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

[2] *Bowers v. Potter*, 113 F. App'x 610, 612 (5th Cir. 2004) (citation omitted); *see, e.g.*, *Taylor v. Books A Million*, 296 F.3d 376, 379-80 (5th Cir. 2002).

[3] *Carillo v. Louisiana Ins. Guar. Ass'n*, 559 F.3d 377, 381 (5th Cir. 2009) (quoting *United States v. Lombardo*, 241 U.S. 73, 76 (1916)) (emphasis added).

[4] *Hernandez v. Aldridge*, 902 F.2d 386, 388 (5th Cir. 1990) (emphasis in original) (citing *Ward v. Atl. Coast Line R.R. Co.*, 265 F.2d 75, 80 (5th Cir. 1959)).