# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 18-40315
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2019

Lyle W. Cayce
Clerk

————

LISA A. JANUARY,

      Plaintiff - Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

      Defendant - Appellee

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:16-CV-311

————

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.

PER CURIAM:*

Lisa A. January filed suit alleging the Texas Department of Criminal Justice ("TDCJ") discriminated against her based on race, sex, age, and disability, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). She also claims TDCJ retaliated against her for filing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40315

a workers' compensation claim, in violation of Section 451.001 of the Texas Labor Code. The Magistrate Judge recommended that the district court dismiss with prejudice January's claims against TDCJ. The district court adopted the report and recommendation in full. For the reasons below, we AFFIRM the district court's dismissal of January's ADA, Title VII, and ADEA claims, and DISMISS January's workers' compensation retaliation claim for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2011, January began her first stint at TDCJ as a correctional officer for the Stiles Unit. In November 2012, January filed a workers' compensation claim alleging she injured her knee and elbow in a stairwell in the scope of her employment with TDCJ. As a result, TDCJ assigned her to the mailroom, but she was later removed from work entirely by her medical provider until further notice. TDCJ initially placed her on family medical leave, but then placed her on leave without pay status on January 4, 2013. Because her health provider's statement subsequently expired, TDCJ requested that she provide an updated statement by June 7, 2013. An updated statement was not received by TDCJ, and, as a result, she was administratively separated on June 12, 2013. On September 19, 2014, January's health care provider gave her a zero-disability rating for her injuries. On October 29, 2014, January reapplied to TDCJ for employment and was approved for rehire on December 9, 2014. January returned to work on October 26, 2015.

On December 2, 2015, January was acting as the picket officer at the Stiles Unit where she claimed she started feeling ill. January maintains that she suffers from episodic seizures. She states that she asked her supervisor, Sergeant Baldwin, to see medical staff. The medical staff arrived at the unit but left without seeing her. She also alleges that when she asked to leave the

2

No. 18-40315

unit, Sergeant Baldwin did not allow her to leave because no one was available to relieve her, though she admits Officer Zamora properly relieved her.

The next day, January informed Kathy Nelson, a human resource officer, that she was resigning. Two hours later, she called Nelson again in an attempt to rescind the resignation, but her resignation was not honored by Warden Carter.

On December 8, 2015, January submitted an Equal Employment Opportunity ("EEO") complaint to TDCJ stating that she was discriminated against based on her disability, retaliated against for asking for medical attention, and slurs or hostile epithets were used when Officer Zamora accused January of faking her illness. The complaint was closed with no further action because January resigned from TDCJ and did not provide sufficient information to open an investigation into the allegations, and the allegations themselves did not support a violation of agency EEO policies.

On January 8, 2016, January filed her charge of discrimination with the Texas Workforce Commission, Civil Rights Division, alleging discrimination based on race, sex, age, and disability in violation of Title VII, the ADEA and the ADA. On January 29, 2016, the Equal Employment Opportunity Commission ("EEOC") issued its right to sue letter and closed its file because it was unable to conclude that the information established a violation of any of the statutes. On April 27, 2016, January filed another charge of discrimination with the Texas Workforce Commission, Civil Rights Division. This time, January claimed she was retaliated against for requesting medical attention on the date of the incident. On May 16, 2016, the EEOC issued another right-to-sue letter and closed its file because it was again unable to conclude that the information established a violation of any of the statutes.

In the operative complaint, January claims she was unlawfully discharged from the TDCJ because of her sex (female) and race (African-

No. 18-40315

American). She further alleges that she faced sexual harassment and was discriminated against because of her disabilities. At her subsequent deposition during the discovery phase of the case, January confirmed the following claims against TDCJ: (1) discrimination under Title VII and the ADEA because she is over the age of 50, black, and female; (2) discrimination under the ADA based on her disability; (3) retaliation for complaining about feeling ill the date of the incident; and (4) retaliation for filing a workers' compensation claim.

TDCJ filed its motion for summary judgment on August 10, 2017. January's response was due September 5, 2017. The served copy of the motion for summary judgment remained unclaimed at the post office. Per the district court's October 19, 2017 Order, TDCJ served January with a second copy of the motion for summary judgment on October 23, 2017. January—as evidenced by her signature—received it on October 25, 2017. A response was due November 16, 2017. January failed to respond.[1] On January 4, 2018, the Magistrate Judge recommended that the district court dismiss with prejudice January's claims against TDCJ, stating that her Title VII, ADA, and ADEA claims were barred by the ninety-day statute of limitations, and her workers' compensation claim lacked causation to satisfy her prima facie burden. The district court adopted the Magistrate Judge's report and recommendation in full. January timely filed her pro se appeal.

## II. STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment de novo, "employing the same standards as did the district court." *Meditrust Fin. Servs.*

---

[1] January states she had "no way to receive [her] mail for several weeks" because of Hurricane Harvey's landfall in the Beaumont region on or about August 29, 2017. But January never notified the district court that she was unable to receive mail or participate in her suit because of the hurricane. January's January 10, 2018 filing makes no mention of Hurricane Harvey. Nor did she mention Hurricane Harvey in a motion to reopen the case on February 14, 2018 or in a second motion to reopen the case on March 13, 2018.

*Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 213 (5th Cir. 1999) (citations omitted). The question is whether, in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); FED. R. CIV. P. 56(c)).

## III. DISCUSSION

### A. Title VII, ADA, and ADEA Claims

Under Title VII, the ADA, and the ADEA, a plaintiff has ninety days to bring suit in federal court after receipt of a statutory notice of right to sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) (2011) (setting forth the ninety-day period for Title VII); 42 U.S.C. § 12117(a) (2011) (incorporating by reference the procedures applicable to Title VII for actions under the ADA); 29 U.S.C. § 626(e) (establishing ninety-day period for actions under the ADEA); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (applying the ninety-day period to a claim under Title VII); *Dade v. Sw. Bell. Tel. Co.*, 942 F. Supp. 312, 317 (S.D. Tex. 1996) (applying the ninety-day period to a claim under the ADA); *St. Louis v. Tex. Worker's Comp. Comm'n*, 65 F.3d 43, 47 (5th Cir. 1995) (applying the ninety-day period to the ADEA). The ninety-day period is treated as a statute of limitations. *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 740 (S.D. Tex. 2003) (citing *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985)).

Generally, the ninety-day period commences when the notice of right-to-sue is received at the address supplied to the EEOC by the claimant. *Taylor*, 296 F.3d at 379; *see also Espinoza*, 754 F.2d at 1249. When the parties dispute the date upon which a right-to-sue letter is received, or when the date of receipt is unknown, the Fifth Circuit presumes that the letter was received on or prior to the seventh day after the letter was mailed. *Taylor*, 296 F.3d at 380. The Fifth Circuit has "expressed satisfaction with a range between three and seven

No. 18-40315

days" after the date that the right-to-sue letter was issued by the EEOC. *Morgan v. Potter*, 489 F.3d 195, 196 (5th Cir. 2007).

The EEOC mailed the dismissal and right-to-sue letter on January 29, 2016. The summary judgment record does not show when January received the letter, but using the more generous seven-day period, January is presumed to have received it on February 5, 2016. Thus, January had ninety days—until May 5, 2016—to file suit in this court. January did not file this lawsuit until August 1, 2016, almost three months after the ninety-day deadline.

January did file a second EEOC charge of discrimination concerning the same incident claiming a violation of EEOC retaliation laws. The EEOC similarly sent its dismissal and right-to-sue letter for this charge on May 16, 2016, that otherwise would have made the filing of this suit on August 1, 2016 timely. However, because the second right-to-sue letter was not a reconsideration on the merits of the first charge of discrimination, the second right-to-sue letter did not extend the ninety-day limitations period. *Sparks v. Lowe's Home Ctrs., Inc.*, 341 F. Supp. 2d 671, 674 (E.D. Tex. 2004) (citing *Gitlitz v. Compagnie Nationale Air Fr.*, 129 F.3d 554, 557 (11th Cir. 1997) (per curiam)); *see also Washington v. City of Gulfport, Miss.*, 351 F. App'x 916, 918 (5th Cir. 2009). "To hold [otherwise] would allow any future plaintiff to obliterate the ninety-day limitations period by repeatedly refiling the same charge with the EEOC." *Sparks*, 341 F. Supp. 2d at 674. Since January filed suit more than ninety days after receiving her right-to-sue letter on her first charge of discrimination, we affirm the district court's dismissal of January's ADA, Title VII, and ADEA claims.

## B. Workers' Compensation Retaliation Claim

For the first time on appeal, TDCJ asserts that the district court and this court lack subject matter jurisdiction to hear January's claims brought pursuant to Section 451.001 of the Texas Labor Code because TDCJ is entitled

to sovereign immunity. *See Johnson v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996) ("It is well-settled that subject matter jurisdiction can be raised at any time or even *sua sponte* by the court.").

"The Eleventh Amendment presupposes that each State is a sovereign entity in our federal system and that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without [a State's] consent." *Seminole Tribe of Fl. v. Florida*, 517 U.S. 44, 44 (1996) (quotations omitted) (citing *Hans v. Louisiana*, 134 U.S. 1, 13 (1890)). "A state does not waive sovereign immunity in federal court simply by waiving sovereign immunity and allowing suits against itself in its own courts." *Ross v. Tex. Dep't of Criminal Justice*, No. 3:98-CV-1344-D, 2001 WL 1335873, at *4 (N.D. Tex. 2001) (citing *Sherwinski v. Peterson*, 98 F.3d 849, 851 (5th Cir. 1996)). Texas has not waived its immunity from suit under Section 451.001 in federal court. Further, Section 451.001 contains no indication that TDCJ intends to waive sovereign immunity in federal court. *See Ross*, 2001 WL 1335873, at *4. Therefore, TDCJ may not be sued under this statute in federal court. Accordingly, we dismiss January's workers' compensation retaliation claim for lack of jurisdiction.[2]

---

[2] The Magistrate Judge did not discuss sovereign immunity. Instead, he examined the claim's merits:

January has offered no evidence to show a causal link between [her workers' compensation claim from 2012 and her verbal resignation that was accepted in 2015] or any other adverse action as a result of her workers' compensation claim. In fact, TDCJ chose to rehire January after she filed her workers' compensation claim in 2012 and after she was administratively separated in 2013. For that reason, January's workers' compensation retaliation claim [is] dismissed.

No. 18-40315

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of January's ADA, Title VII, and ADEA claims, and DISMISS January's workers' compensation retaliation claim for lack of jurisdiction.